**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**DAVID SPRADLIN**                                                                          **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 4:10CV-P88-M**

**DAVID OSBORNE** *et al.*                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David Ray Spradlin, a convicted prisoner currently incarcerated at the Daviess

County Correctional Complex (DCCC), has filed this 42 U.S.C. § 1983 action against Jailer

David Osborne in his official and individual capacity and Southern Heath Partners.  Plaintiff

alleges that he had a total hip replacement in 2006.  Plaintiff claims that Defendants violated his

constitutional rights when he was not assigned a bottom bunk and by failing to properly treat his

hip when it became injured from climbing in and out of the top bunk.

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th

Cir. 1997).  For the reasons set forth below, Plaintiff's claims will be dismissed for failure to

state a claim.  Before dismissing this action, however, the Court will provide Plaintiff with an

opportunity to amend his complaint.

**I.**

Section 1983 provides a federal forum for injured parties to seek a remedy for the

deprivation of their civil liberties.  42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) [s]he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

## Southern Health Partners

A private corporation, like Southern Health Partners, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of respondeat superior." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996).

Plaintiff has not alleged that Southern Health Partners had a policy or custom that caused a deprivation of his federal rights. Therefore, the Court will dismiss Plaintiff's claim against Defendant Southern Health Partners.

## Official-Capacity Claim Against Jailer Osborne

Plaintiff sues Defendant Osborne in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 (1989). Therefore, in the case at bar, Plaintiff's official-capacity claim against Defendant Osborne is actually brought against Daviess County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Daviess County, a court must

analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional

violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

*of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Because Plaintiff cannot satisfy the second

prong, there is no need to address the first prong at this juncture.

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in

other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d

611 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*,

25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to

distinguish acts of the municipality from acts of employees of the municipality, and thereby

make clear that municipal liability is limited to action for which the municipality is actually

responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) (quoting *Pembaur v.*

*Cincinnati*, 475 U.S. 469, 479-80 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that

policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v.*

*City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds, *Frantz v. Village*

*of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of

the constitutional violation' in order to establish the liability of a government body under

§ 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404(1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged a policy or custom at DCCC that contributed to the alleged constitutional violations. As such, the Court will dismiss Plaintiff's official-capacity claim against Defendant Osborne.

## Individual-capacity Claim Against Jailer Osborne

Plaintiff does not mention Defendant Osborne's personal actions anywhere in his description of his claim. This indicates to the Court that Plaintiff is attempting to hold Defendant Osborne liable based on his supervisory position as jailer.

"*Respondeat superior*[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendant Osborne cannot be held liable based solely on his capacity as jailer. *See Curtis v. Curtis*, 37 F. App'x 141, 142 (6th Cir. 2002) (affirming district court's dismissal of

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

individual-capacity claims against jailer based on his position of authority); *Bevins v. Keesee*,

No. 90-5567, 1991 U.S. App. LEXIS 7364, *3-4 (6th Cir. Apr. 10, 1991) ("Sheriff Keesee and

County Jailer Stratton are entitled to judgment as a matter of law because Mr. Bevins' claim

against them is based solely upon the doctrine of respondeat superior."); *Armer v. Marshall*, No.

5:09CV-P86-R, 2010 U.S. Dist. LEXIS 14999 *4 (W.D. Ky. Feb. 22, 2010) ("Defendant Hazle's

position as jailer does not automatically make him liable for the actions of his subordinates.").

**Amendment to complaint**

Because of the nature of the allegations, the Court will provide Plaintiff with an

opportunity to amend his complaint to sue the responsible individuals. *See Berndt v. Tennessee*,

796 F.2d 879, 882 (6th Cir. 1986). Should Plaintiff elect to amend his complaint, he is reminded

that a complaint must contain more than bare legal conclusions to survive dismissal. *Lillard v.*

*Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief under

§ 1983, Plaintiff must allege how each defendant was personally involved in the acts about

which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).

## II.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's official and

individual-capacity claims against Defendant Osborne and his claims against Southern Health

Partners are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon

which relief may be granted.

**IT IS FURTHER ORDERED that Plaintiff shall have 30 days from the entry of this**

**Order in which to file an amended complaint.** Plaintiff is **WARNED** that his failure to do so

will result in the dismissal of this action. To assist Plaintiff, the Clerk of Court is **DIRECTED**

to place this civil action number and "amended complaint" on a blank 42 U.S.C. § 1983 form

and mail it to Plaintiff.

Date:

cc:      Plaintiff, *pro se*

4413.008